IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

KEITH LEON GROSS,
Inmate No. 76851,
    Plaintiff,

vs.                                        Case No.: 3:16cv190/RV/EMT

ESCAMBIA COUNTY JAIL, et al.,
    Defendants.
_____/

## REPORT AND RECOMMENDATION

    This cause is before the court on Plaintiff's civil rights complaint filed under 42 U.S.C. § 1983 (ECF No. 1). Plaintiff was granted leave to proceed in forma pauperis (ECF No. 4).

    Because Plaintiff is proceeding in forma pauperis, the court may dismiss this case if satisfied that the action "(i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B). The language in this subsection "tracks the language of Federal Rule of Civil Procedure 12(b)(6)," and thus dismissals for failure to state a claim are governed by the same standard as Rule 12(b)(6). Mitchell v. Farcass, 112 F.3d 1483, 1490 (11th Cir. 1997). The allegations of the complaint are taken as true and are construed in the light most favorable to

Page 2 of 8

Plaintiff.  Davis v. Monroe County Bd. of Educ., 120 F.3d 1390, 1393 (11th Cir. 1997).  To survive § 1915(e)(2)(B)(ii), "a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." Ashcroft v. Iqbal, 556 U.S. 662, 678, 129 S. Ct. 1937, 1949 (2009) (quotation and citation omitted).  A claim is plausible on its face where "the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id. (citation omitted).  Plausibility means "more than a sheer possibility that a defendant has acted unlawfully."  Id.  "Where a complaint pleads facts that are merely consistent with a defendant's liability, it stops short of the line between possibility and plausibility of entitlement to relief."  Id. (quotation and citation omitted).   Finally, in civil rights cases, more than "mere conclusory notice pleading" is required, and a complaint is subject to dismissal "as insufficient where the allegations it contains are vague and conclusory." Gonzalez v. Reno, 325 F.3d 1228, 1235 (11th Cir. 2003) (quotation and citation omitted).  Upon review of the Complaint, the court concludes that facts set forth by Plaintiff fail to state a claim for relief that is plausible on its face.  Dismissal of this action is therefore warranted.

Plaintiff was sentenced to 270 days of jail time on a domestic misdemeanor conviction and began his sentence on February 24, 2016, at the Escambia County Jail

("ECJ") but was subsequently transferred to Walton County Jail ("WCJ"). Plaintiff alleges that, while he was a detainee awaiting disposition of his case at ECJ, he declined the opportunity to become an inmate worker (ECF No. 1 at 5). After he was sentenced, Plaintiff changed his mind and put in a request to join the inmate worker program (*id.*). However, because of overcrowding issues at ECJ, he was soon thereafter transferred to WCJ (*id.*). Plaintiff alleges that WCJ refused to allow him into a work program because he had refused the work program at ECJ. Plaintiff indicates that this is an insufficient reason, explaining that he only refused work while he was a detainee and attempted to enter the work program after he became a sentenced inmate (*id.* at 5–6). Plaintiff also indicates that he would be unable to receive any gain time credits for working at WCJ because, unlike ECJ, WCJ does not offer that type of work program (*id.*). Plaintiff states that he requested a transfer back to ECJ so that he could work, but this was denied. As a result, Plaintiff states he is unable to work or earn gain time credits that would secure an earlier release date for him.

Plaintiff names both ECJ and WCJ as Defendants, as well as an official from each jail. As relief, Plaintiff requests that he be allowed to work a job that would earn him gain time credits, or if no such work is available, to be awarded the gain time credits outright.

Page 4 of  8

In any § 1983 action, the initial inquiry must focus on whether two essential elements are present:  (1) the plaintiff was deprived of a federal or constitutional right and (2) that the deprivation was caused by a person acting under color of state law. *See* Parratt v. Taylor, 451 U.S. 527, 535, 101 S. Ct. 1908, 68 L. Ed. 2d 420, 428 (1981), *overruled on other grounds*, Daniels v. Williams, 474 U.S. 327, 106 S. Ct. 662, 88 L. Ed. 2d 662 (1986); Griffin v. City of Opa-Locka, 261 F.3d 1295, 1303 (11th Cir. 2001).

It has long been held that prisoners have no constitutionally created right regarding prison employment or its compensation.  Adams v. James, 784 F.2d 1077, 1079 (11th Cir. 1986); *see also* Wallace v. Robinson, 940 F.2d 243, 247 (7th Cir. 1991); James v. Quinlan, 866 F.2d 627, 630 (3d Cir. 1989); Ivey v. Wilson, 832 F.2d 950 (6th Cir. 1987); Flittie v. Solem, 827 F.2d 276 (8th Cir. 1987); Ingram v. Papalia, 804 F.2d 595 (5th Cir. 1986); Baumann v. Arizona Dept. of Corrections, 754 F.2d 841, 845 (9th Cir. 1985).  While it is true that a constitutional liberty interest may be created by a state law or regulation, the magnitude of the threshold interest needed in order to gain constitutional protection was significantly heightened by the Supreme Court in Sandin v. Conner, 515 U.S. 472, 486, 115 S. Ct. 2293, 2301, 132 L. Ed. 2d 418 (1995), which held that courts must first determine whether the alleged deprivation constitutes a "dramatic departure from the basic conditions of [the

inmate's] sentence." The Court limited the field to those deprivations that "exceed[] the sentence in such an unexpected manner as to give rise to protection by the Due Process Clause of its own force" or "impose[] atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life." *Id*. On the facts of the case before it, the Court went on to state that placement of an inmate in disciplinary confinement, the conditions of which were substantially similar to that of administrative confinement or protective management, was not atypical or significant enough to trigger due process protection. *Id*.

Under the guidance of Sandin, other courts have found no liberty interest protections deriving from changes in custody or confinement status, participation in prison jobs or programs, and other aspects of prison life. Rodgers v. Singletary, 142 F.3d 1252 (11th Cir. 1998); *see also* Martinez v. Mesa County Sheriff, 69 F.3d 548 (10th Cir. 1995) (prison management); Ornelas v. Myers, 67 F.3d 308 (9th Cir. 1995) (prison transfer); Martin v. Upchurch, 67 F.3d 307 (9th Cir. 1995) (prison job and custody classification); Bulger v. United States Bureau of Prisons, 65 F.3d 48, 49–50 (5th Cir. 1995) (prison job); Farley v. McCroy, 61 F.3d 905 (7th Cir. 1995) (educational programs).

Likewise, numerous courts have held under Sandin that there is no liberty interest and, therefore, no due process protection, in the ability or opportunity to earn

discretionarily awarded gain time. *See* Fogle v. Pierson, 435 F.3d 1252 (10th Cir. 2006) (distinguishing between the divestment of credit already earned, which does implicate a liberty interest, and the loss of the opportunity to earn credits that are discretionarily awarded, which does not involve a constitutionally protected liberty interest); Abed v. Armstrong, 209 F.3d 63, 66–67 (2nd Cir. 2000) (holding that although inmates have a liberty interest in good time credit they have already earned, no such interest has been recognized in the opportunity to earn good time credit where, as here, prison officials have discretion to determine whether an inmate or class of inmates is eligible to earn good time credit); Antonelli v. Sheahan, 81 F.3d 1422, 1431 (7th Cir.1996) (holding that convicted prisoner with no access to good time credit program because he was incarcerated in county jail had no constitutional interest in the opportunity to earn good time credit); Luken v. Scott, 71 F.3d 192, 193 (5th Cir.1995) (applying Sandin and holding that the loss of the opportunity to earn gain time is not a constitutionally protected liberty interest).

Plaintiff also indicates that, in order to grant him relief, he would need to be transferred back to ECJ.  It is well established that prisoners have no right to remain in or be transferred to a particular institution with particular rules, regulations, and privileges.  *See* Meachum v. Fano, 427 U.S. 215, 96 S. Ct. 2532, 49 L. Ed. 2d 451 (1976); Montayne v. Haymes, 427 U.S. 236, 96 S. Ct. 2543, 49 L. Ed. 2d 466 (1976).

As long as the conditions or degree of confinement to which a prisoner is subjected is within the sentence imposed upon him and is not otherwise violative of the Constitution, prison officials have broad discretion regarding the placement of inmates.  *See* Montayne, 427 U.S. at 242.  Federal courts are normally reluctant to interfere with matters of internal prison administration since they are ill-equipped to do so.  *See* Procunier v. Martinez, 416 U.S. 396, 404–05, 94 S. Ct. 1800, 40 L. Ed. 2d 224 (1974), *overruled on other grounds by* Thornburgh v. Abbott, 490 U.S. 401, 109 S. Ct. 1874, 104 L. Ed. 2d 459 (1989); Newman v. Ala., 683 F.2d 1312, 1320 (11th Cir. 1982).

Because Plaintiff can make no viable claim of a constitutional right to the prison job he seeks, his complaint fails to state a claim upon which relief may be granted.

Accordingly, it respectfully **RECOMMENDED**:

1.  That the complaint be **DISMISSED** with prejudice pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) for failure to state a claim upon which relief may be granted.

2.  That this dismissal be deemed a "strike" for purposes of 28 U.S.C. § 1915(g).

At Pensacola, Florida, this 27th day of July 2016.

/s/ *Elizabeth M. Timothy*
**ELIZABETH M. TIMOTHY**
**CHIEF UNITED STATES MAGISTRATE JUDGE**

## NOTICE TO THE PARTIES

**Objections to these proposed findings and recommendations must be filed within fourteen (14) days after being served a copy thereof.  <u>Any different deadline that may appear on the electronic docket is for the court's internal use only, and does not control.</u>  A copy of objections shall be served upon all other parties.  If a party fails to object to the magistrate judge's findings or recommendations as to any particular claim or issue contained in a report and recommendation, that party waives the right to challenge on appeal the district court's order based on the unobjected-to factual and legal conclusions.  *See* 11th Cir. Rule 3-1; 28 U.S.C. § 636.**

Case No.: 3:16cv190/RV/EMT